## UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
## WESTERN DIVISION

DAVID DURHAM,  
    Plaintiff,

    vs.

DETECTIVE JERRY  
NIFFENEGGER, et. al.  
    Defendants.

Case No.  1:18-cv-0091  
McFarland, J.  
Litkovitz, M.J.

**ORDER AND REPORT**  
**AND RECOMMENDATION**

## I.  Background

Plaintiff David Durham filed this action on February 9, 2018 against defendants Jerry Niffenegger and Mark Purdy, detectives employed by the Warren County Sheriff's Office; Target Corporation (Target); James Christian, a Target employee; and Walmart Stores, Inc. (Walmart).  Plaintiff also named three John/Jane Doe defendants: an unidentified Walmart employee and two unidentified employees of the Warren County Sheriff's Office.  Plaintiff sought relief under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; violations of his rights under the Ohio Constitution, Article I, §§ 2 and 14; and violations of Ohio common law.

The undersigned issued a Report and Recommendation on defendants' motion to dismiss (Doc. 25), which the district judge adopted by Order dated March 26, 2019.  (Doc. 30).  The Court dismissed: plaintiff's claims under § 1983 against defendants Walmart and Target; plaintiff's malicious prosecution, negligent infliction of emotional distress, gross negligence/reckless conduct, civil theft, and excessive force claims against defendants Walmart, Target and Christian; and plaintiff's claims for false arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress against these defendants, which were time-barred under the one-year statute of limitations.  The Court found that plaintiff had stated a

claim for relief under § 1983 against defendant Christian and state law claims for conversion/unjust enrichment and civil conspiracy against defendants Christian, Walmart, and Target.  This matter is before the Court on plaintiff's motion for leave to file an amended complaint (Doc. 41), defendant Walmart's opposing memorandum (Doc. 48), and plaintiff's reply (Doc. 52).

## II.  Motion to amend

Plaintiff filed his motion for leave to amend the complaint under Fed. R. Civ. P. 15 and a proposed amended complaint on October 30, 2019.  (Docs. 40, 41).  Plaintiff seeks to identify a defendant named in the original complaint, Walmart's agent John Doe #1, as Scott Hollopeter. Plaintiff argues that the Court should grant leave to amend under Fed. R. Civ. P. 15(a) because there is no evidence of undue delay, bad faith, of dilatory motive on plaintiff's part, and no party will be prejudiced by the amendment.

Defendant Walmart opposes plaintiff's motion for leave to amend.  (Doc. 48).  Defendant contends that plaintiff should not be granted leave to add § 1983 claims against Hollopeter because those claims are time-barred by the applicable statute of limitations.  Defendant asserts that the events giving rise to the lawsuit occurred in February 2016 and in early 2017; plaintiff filed this action on February 9, 2018; and the two-year statute of limitations has since expired on plaintiff's § 1983 claims against Hollopeter.  Defendant asserts that the remaining claims in this lawsuit have been dismissed by the Court or fail to state a claim against Hollopeter, so that to allow plaintiff to amend the complaint to add these claims against Hollopeter would be futile. (Doc. 48 at 5-7).

In reply, plaintiff reiterates his argument that he should be granted leave to amend the complaint to add Hollopeter as a defendant under Fed. R. Civ. P. 15(a).  (Doc. 52).  Further,

plaintiff argues that substitution of Hollopeter as a named defendant for John Doe #1 is warranted under Ohio Civ. R. 3(A) and 15(C) because the amendment relates back to the filing date of the original complaint. Plaintiff acknowledges that most of his supplemental state law claims have been addressed by the Court previously, but he argues he has sufficiently pled claims for conversion/unjust enrichment and civil conspiracy against Hollopeter; and his claim for civil conspiracy relates back to date of the original complaint and is timely.

### 1. Section 1983 claims

Defendant Walmart argues that plaintiff should be denied leave to amend the complaint to bring § 1983 claims against Hollopeter because those claims are time-barred. (Doc. 48). Defendant contends that plaintiff "never attempted to serve" defendant John Doe #1 within the now expired limitations period "as required under both Ohio and federal law." (Doc. 48 at 2). Defendant cites to both federal and state law in arguing that it is too late for plaintiff to bring Hollopeter into this case, but defendant specifically addresses only the requirements of state law and plaintiff's alleged failure to comply with those requirements. (*Id.*, citing *Erwin v. Bryan*, 929 N.E.2d 1019, 1024 (2010); Ohio Civ. R. 15(D)[1]). Defendant argues that plaintiff has not met the requirements of Ohio law, and specifically Ohio Civ. R. 15(D), for suing a fictitious defendant and then later amending the pleading to reflect the defendant's correct name once it is obtained through discovery. (*Id.* at 2-3). Defendant argues that among other requirements, the plaintiff must actually serve any "John Doe" defendants before the statute of limitations expires.

---

[1] Ohio Civ. R. 15(D), "Amendments Where Name of Party Unknown," states:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

(*Id*. at 3, citing *Erwin*, 929 N.E.2d at 1024). Defendant argues that because Ohio imposes a personal service requirement for fictitious defendants, both Ohio state courts and federal courts in Ohio have held that a fictitious defendant must be served with the complaint before the statute of limitations expires or else "a later-discovered person cannot be substituted for a fictitious defendant." (*Id*., citing *Erwin*, 929 N.E.2d at 1024). Defendant contends that since the decision in *Erwin*, both Ohio courts and other courts in the Sixth Circuit have repeatedly held that Ohio litigants cannot "use 'John Doe' defendants . . . as placeholders in order to avoid the statute of limitations." (*Id*. at 3-4, citing cases). Defendant asserts that plaintiff did not sufficiently describe John Doe #1 so as to effect service on Hollopeter, and did not serve Hollopeter, within the two-year limitations period applicable to plaintiff's § 1983 claims; therefore, the statute of limitations on these claims has expired and plaintiff's motion to amend the complaint to add the claims should be denied. (*Id*. at 4, citing *Wright v. County of Franklin, Ohio*, No. 2:10-cv-715, 2011 WL 3667397 (S.D. Ohio Aug. 22, 2011)).

Plaintiff argues in reply that his § 1983 claims against Hollopeter are not time-barred because they relate back to the original filing date of the complaint under Ohio Civ. R. 3(A) and 15(C). (Doc. 52 at 2). Plaintiff relies on both state and federal law in making this argument. Plaintiff alleges that under Ohio Civ. R. 15(C), a named defendant can be substituted by an amendment to the complaint if the amendment will relate back to the filing date of the original complaint. (*Id*. at 2-3). Plaintiff suggests that the notice requirements of Fed. R. Civ. P. 15(c)(1)(C) determine whether an amendment relates back.[2] (*Id*. at 2-3, citing *Krupski v. Costa*

---

[2] Ohio Civ. R. 15(c), "Relation Back of Amendment," is similar to Fed. R. Civ. P. 15(c). It states:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by

*Crocier*, *S.p.A.*, 560 U.S. 538 (2010)).  Plaintiff suggests that "but for a mistake," Hollopeter "knew or should have known" that he would have been sued, which allows plaintiff's proposed amendment to relate back.  (*Id*.).  Plaintiff alleges he attempted to obtain the address of Walmart's employee, John Doe #1, but was initially unsuccessful; he nonetheless sufficiently described the Walmart employee as an individual "directly involved in the sting operation" against plaintiff who "assisted in providing the merchandise sold to [plaintiff] and executing search warrants" on plaintiff's store with Walmart; and plaintiff requested additional information from Walmart to learn John Doe #1's identity and address.  (*Id*. at 3).  Plaintiff argues that "based on the information above, pursuant to Ohio R. Civ. P. 15(C)," an amendment of the complaint that substitutes Hollopeter for defendant John Doe #1 will relate back to the original complaint.  (*Id*. at 3-4).

There is no dispute that plaintiff's § 1983 claims against Hollopeter are barred by the applicable two-year statute of limitations unless they relate back to the date the original complaint was filed.  The acts alleged in the complaint occurred in early 2016 and no later than

---

amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Fed. R. Civ. P. 15(c) states:

> **(1)** ***When an Amendment Relates Back***.  An amendment to a pleading relates back to the date of the original pleading when:
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

April 2017, when plaintiff was acquitted of the criminal charges against him. (Doc. 1). Plaintiff did not file his motion for leave to amend the complaint and his proposed amended complaint until October 30, 2019, more than two years after plaintiff's acquittal. (Docs. 40, 41). Thus, the issue is whether plaintiff's § 1983 claims against defendant Hollopeter are time-barred or whether they relate back to the filing date of the original complaint.[3]

Initially, the Court must determine whether state or federal rules govern the relation back of plaintiff's proposed amendment. The parties cite both state and federal law in support of their respective arguments as to whether plaintiff's § 1983 claims are time-barred or whether they relate back to the date of the original complaint. Defendant specifically relies on Ohio Civ. R. 15(D) and Ohio case law, but defendant but has not explained why the Ohio Rule should govern the Court's analysis of plaintiff's claims in this § 1983 action. Plaintiff argues that Ohio Civ. R. 15(C) governs whether Hollopeter can be substituted as a party and Fed. R. Civ. P. 15(c) determines whether the proposed amendment relates back, but he has not cited any authority to support applying Ohio Civ. R. 15(C) to claims brought in federal court. Courts in the Sixth Circuit that have addressed this issue have held that while state law provides the applicable limitations period for § 1983 and supplemental state law claims, Fed. R. Civ. P. 15(c) governs the relation back analysis. *See Bradford v. Bracken County*, 767 F. Supp. 2d 740, 747 (E.D. Ky. 2011) (Fed. R. Civ. P. 15(c) controlled the relation back analysis in a § 1983 action alleging constitutional violations and supplemental state law claims against several unknown defendants whom the plaintiff sought to name in an amended complaint after the statute of limitations had expired) (citing *Force v. City of Memphis,* 101 F.3d 702, 1996 WL 665609, *2 (6th Cir. Nov. 14, 1996) (Table) (in a case procedurally similarly to *Bradford,* the Sixth Circuit found that "[t]he

---

[3] The Court addresses whether plaintiff's amended supplemental state law claims against Hollopeter relate back *infra*.

relation back issue is controlled by Fed. R. Civ. P. 15(c)"); *see also DeLong v. Arms,* 251 F.R.D. 253, 256 (E.D. Ky. 2008) (holding that while state law provided the statute of limitations for the § 1983 and supplemental state law claims in that case, Fed R. Civ. P. 15(c) was a "procedural rule" which applied to determine whether relation back was appropriate) (citing *Johansen v. E.I. DuPont De Nemours & Co.,* 810 F.2d 1377, 1380 (5th Cir. 1987)).  Accordingly, the Court will apply Fed. R. Civ. P. 15(c) to determine whether plaintiff's claims against Hollopeter in the amended complaint relate back to the filing date of the original complaint.

Plaintiff suggests in his reply memorandum that his § 1983 claims relate back because "but for a mistake," Hollopeter would have known that he would have been sued.  (Doc. 52 at 3, citing Fed. R. Civ. P. 15(c)(1)(C)).  But substituting a named defendant for a John Doe defendant is considered a change in parties, not a "mistake."  *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996).  *See also Ham v. Sterling Emerg. Services of the Midwest, Inc.*, 575 F. App'x 610, 616-17 (6th Cir. 2014) (the plaintiff's inability to timely learn the identity or address of John Doe defendant was "not a mistake"); *Brown v. Cuyahoga County, Ohio,* 517 F. App'x 431, 433-34 (6th Cir. 2013) ("absence of knowledge is not a mistake as required by Rule 15(c)(1)(C)(ii)"); *Smith v. City of Akron,* 476 F. App'x 67, 69 (6th Cir. 2012) (holding that substituting previously unknown defendants for John Doe defendants does not satisfy the "mistaken identity" requirement of Rule 15(c)); *Moore v. Tennessee,* 267 F. Appx. 450, 455 (6th Cir. 2008); *Cooper v. Montgomery County, Ohio*, 199 F. Supp. 3d 1189, 1191-92 (S.D. Ohio 2016) ("A 'mistake' does not result from a plaintiff's failure to exercise due diligence to learn the true identity of John Doe defendants within the applicable statute of limitations period")).  A new party cannot be added to an action in place of a John Doe defendant after the statute of limitations has run. *Cox,* 75 F.3d at 240.  Rule 15(c) does not apply when the plaintiff seeks to add, rather than

change, a named defendant. *Rayfield v. City of Grand Rapids, Michigan,* 768 F. App'x 495, 502 (6th Cir. 2019) (citing *Cox*, 75 F.3d at 240));

Thus, because plaintiff is attempting to add Hollopeter as a new party here and the statute of limitations has run on his § 1983 claims, he cannot pursue those claims. The claims do not relate back to the date of the original complaint under Fed. R. Civ. P. 15(c). *Cox*, 75 F.3d at 240 (amendment to name previously unidentified officers did not relate back when the statute of limitations had already run). This is true even if plaintiff described John Doe #1's role in the alleged "sting operation" in the original complaint but was unable to learn his identity within the limitations period as plaintiff alleges. (Doc. 52 at 3-4). Assuming Hollopeter knew or should have known that he would be a defendant in this action as plaintiff appears to argue, and assuming Hollopeter will not be prejudiced if plaintiff is permitted to proceed, this "is not enough to satisfy Fed. R. Civ. P. 15(c); plaintiff must also show that he made a 'mistake concerning the proper party's (Hollopeter's) identity.'" *Cooper*, 199 F. Supp. 3d at 1192 (quoting *Smith*, 476 F. App'x at 69). Plaintiff did not make a mistake about Hollopeter's identity; he did not know who John Doe #1 was and apparently did not find out within the two-year limitations period. This is not the "kind of problem" the relation-back protections of Rule 15(c) were intended to correct. *Id.* (quoting *Smith*, 476 F. App'x at 69); *Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 549 (6th Cir. 2016) (holding that even if the defendants knew or should have known that the plaintiff intended to sue them, plaintiff "failed to establish that his lack of knowledge of their identities was due to a 'mistake' as the Rule requires.")). *See also Bradford*, 767 F. Supp. 2d at 749 (finding that because the mistake requirement of Rule 15(c)(1)(C) was "dispositive of the relation back issue," it was not necessary to decide whether the notice requirement was satisfied).

Thus, plaintiff's request to amend his complaint to bring his § 1983 claims against Hollopeter should be denied. Plaintiff did not seek to add Hollopeter as a party until more than two years after the acts giving rise to his § 1983 claims took place. The § 1983 claims against Hollopeter are time-barred and do not relate back to the filing date of the original complaint. The proposed amendment would be futile insofar as plaintiff seeks to bring § 1983 claims against Hollopeter. *See Triplett-Fazzone v. City of Columbus Div. of Police*, No. 2:12-cv-331, 2013 WL 811427, at *3 (S.D. Ohio Mar. 5, 2013) (citing *Beatty v. Sunbeam Corp.*, 110 F. App'x 677-78 (6th Cir. 2004) (affirming denial of leave to amend where the statute of limitations had run and amendments could not relate back under Rule 15(c)); *Shaw v. Pfeiffer*, No. 2:05-cv-00176, 2006 WL 2583306 (S.D. Ohio Sept. 7, 2006) (denying leave to amend where the amendment would be futile because the statute of limitations for the plaintiff's § 1983 claims had run)).

### 2. Supplemental state law claims

Plaintiff also seeks to amend his complaint to bring supplemental state law claims against Hollopeter. Defendant argues that plaintiff's claims for false arrest, false imprisonment, assault and battery, excessive force, and intentional infliction of emotional distress are time-barred; plaintiff has not stated a claim for malicious prosecution and civil theft against Hollopeter for the same reasons those claims fail against Walmart; his claim for negligent infliction of emotional distress fails because plaintiff does not allege he was a bystander to an accident; plaintiff has not stated a claim for gross negligence/reckless conduct; plaintiff has not stated a claim for unjust enrichment/conversion against Hollopeter because plaintiff does not allege that Hollopeter retained money that belonged to plaintiff; and plaintiff has not stated a claim for civil conspiracy

against Hollopeter because the underlying tortious acts plaintiff alleges occurred no later than February 2016 and are time barred, or the alleged acts do not involve Hollopeter.  (Doc. 48).

Plaintiff does not dispute that his supplemental state law claims for false arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress brought against Hollopeter in the proposed amended complaint are time-barred.  (Doc. 52, citing Doc. 25, Report and Recommendation).  Plaintiff also does not dispute that the proposed amended complaint fails to state a claim against Hollopeter for malicious prosecution, excessive force, negligent infliction of emotional distress, gross negligence/reckless conduct, and civil theft.  (*Id*.).  Plaintiff should not be granted leave to amend the complaint to add these claims against Hollopeter because the amendment would be futile.

Plaintiff argues that he has sufficiently pled a claim for unjust enrichment/conversion against Hollopeter by alleging that Hollopeter was involved in the investigation of plaintiff's video game stores, the execution of search warrants, and unlawful retention of plaintiff's video games following his trial.  (*Id*. at 6, citing Doc. 25).  For the reasons stated in its prior Report and Recommendation, Walmart has not shown that the proposed amended complaint fails to allege sufficient facts to state a claim against Hollopeter for conversion/unjust enrichment.  (*See* Doc. 25 at 22-24).  Plaintiff is granted leave to amend the complaint to add this claim.  Plaintiff also argues that he has sufficiently pled a claim for civil conspiracy against Hollopeter as an employee of Walmart who was involved in the alleged "sting operation" against plaintiff.  (Doc. 52 at 6).  Plaintiff argues the claim is not barred by the statute of limitations because he was acquitted on April 24, 2017; he filed this lawsuit less than one year later on February 9, 2018; and the amended complaint relates back to the filing date of the original complaint under Ohio Civ. R. 15(C).  (*Id*., citing Doc. 25 at 27).  Walmart has not shown that the amended complaint

fails to sufficiently plead a claim for civil conspiracy against Hollopeter for the reasons stated in the prior Report and Recommendation. (*See* Doc. 25 at 24-27). Further, Walmart has not addressed what the applicable statute of limitations is under Ohio law and has not shown that the civil conspiracy claim is time-barred. Plaintiff is therefore granted leave to amend the complaint to add his civil conspiracy claim against Hollopeter.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to amend the complaint (Doc. 41) is **GRANTED** in part to the extent plaintiff requests leave to add Scott Hollopeter as a defendant and to bring supplemental state law claims against Hollopeter for conversion/unjust enrichment and civil conspiracy.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for leave to amend the complaint (Doc. 41) be **DENIED** insofar as plaintiff seeks to bring claims under 42 U.S.C. § 1983 and the remaining supplemental state law claims against Hollopeter.

Date:  4/10/2020

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
## WESTERN DIVISION

DAVID DURHAM,                                      Case No.  1:18-cv-0091
     Plaintiff,                                McFarland, J.
                                                   Litkovitz, M.J.

     vs.

DETECTIVE JERRY
NIFFENEGGER, et. al.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).