**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID DURHAM, | : | Case No. 1:18-cv-00091-SJD-KLL |
| Plaintiff | : | Judge Matthew W. McFarland |
| vs. | : | Magistrate Karen L. Litkovitz |
| DETECTIVE JERRY NIFFENEGGER, et. al., | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER**

The parties, by and through their legal counsel, stipulate and agree to the terms of this Order, under Fed.R.Civ.P. 26(c). The parties further agree that the terms of this Agreed Protective Order shall remain in place until further order of the Court. The Court, having reviewed the agreement and stipulation of the parties, finds that good cause supports the entry of such an order and that justice so requires. Accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."** Any party may designate documents as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as **confidential medical or psychiatric information**. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

4. **Depositions.** Deposition testimony shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Protection of Confidential Material.**

    a. **General Protections.** Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:"

        i. **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

        ii. **Parties.** Parties and employees of a party to this Order, their insurance carriers, brokers, and their claims investigation and administrative employees reasonably necessary to the evaluation and administration of the claims;

        iii. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

        iv. **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this

4

action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    v. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d. **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents

5

provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

e.  **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502. Counsel receiving documentation which has been inadvertently produced shall notify producing Counsel immediately upon the discovery of the production and shall return the documents to producing Counsel. Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not waive the protections of this Order.

6.  **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1. To the extent that a brief, memorandum, or pleading references any document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

a.  Before any document marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is filed under seal with the Clerk, the filing party shall

6

first consult with the party that originally designated the document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

b.  To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, such portion of the pleading may be filed under seal with leave of the Court. In such circumstances, counsel shall prepare two versions of the pleadings: a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above with leave of the Court. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

c.  Where agreement is not possible or adequate, before a CONDIFENTIAL-SUBJECT TO PROTECTIVE ORDER document is filed with leave of the Court, it shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the documents.

7.  **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an

7

obligation to meet and confer in a good-faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless:

    i. the document has been offered into evidence or filed without restriction as to disclosure;

    ii. the parties agree to destruction in lieu of return; or

    iii. as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use

9

does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER documents.

    c.   **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment

not subject to further appeal, the Clerk may elect to return to counsel for the parties

or, after notice, destroy documents filed or offered at trial under seal or otherwise

restricted by the Court as to disclosure.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court

on its own motion or on motion of a party or any other person with standing concerning

the subject matter.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and

agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall

be construed or presented as a judicial determination that any documents or information

designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by counsel or the

parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or

otherwise until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all

counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So ordered,*

MAGISTRATE JUDGE LITKOVITZ

10

AGREED:

/s/ Brad Snyder (per phone authority)
Bradley Snyder (0006276)
**Roetzel & Andress, LPA**
41 South High Street
Huntington Center, 21st Floor
Columbus, Ohio 43215
Phone: (614) 463-9770
Fax: (614) 463-9792
bsnyder@ralaw.com
*Counsel for Target & James Christian*

/s/ Nathan Lennon (per phone authority)
Robert W. Hojnoski (0070062)
Nathan A. Lennon (0091743)
**Reminger Co., LPA**
525 Vine Street, Ste. 1700
Cincinnati, Ohio 45202
Phone: (513) 721-1311
Fax: (513) 721-2553
rhojnoski@reminger.com
nlennon@reminger.com
*Counsel for Wal-Mart Stores, Inc.*

/s/ Grant J. Bacon
Daniel T. Downey (0063753)
Grant J. Bacon (0093708)
**Fishel Downey Albrecht & Riepenhoff**
7775 Walton Parkway, Suite 200
New Albany, OH  43054
Phone: (614) 221-1216
Fax: (614-221-8769
ddowney@fisheldowney.com
gbacon@fisheldowney.com
*Counsel for Defendants Detective Jerry
Niffenegger and Detective Mark Purdy*

/s/ Jason Phillabaum (per email authority)
Jason R. Phillabaum (0072219)
**Yonas & Rink, LLC**
810 Sycamore St., 5th Floor
Cincinnati, Ohio 45202
Phone: (513) 338-1800
Fax: (513) 263-9031
*Counsel for the Plaintiff*

11

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address _____

Date: _____ Signature: _____

12