UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID DURHAM<br>      Plaintiff, | Case No. 1:18-cv-91<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| DETECTIVE JERRY NIFFENEGGER, *et al.*,<br>      Defendants. | **ORDER** |

This matter is before the Court on a dispute regarding the location for defendant Scott Hollopeter's deposition. Advised that the parties were unable to informally resolve this issue, the Court conducted a telephone conference on October 27, 2021.

Plaintiff seeks to depose Hollopeter in Cincinnati, Ohio due to the large number of documents involved and the desire to evaluate the witness in person. Hollopeter resides and works in Lexington, Kentucky. He asserts that the burden and expense of travelling to Ohio and missing additional work outweigh the benefit of being deposed in person. He asks to be deposed remotely or, if in person, in the Lexington, Kentucky area.

The case on which both parties rely accurately states the applicable legal standard as follows:

> Pursuant to Federal Rule of Civil Procedure 30(b)(1), the party noticing the deposition initially selects the deposition's location. Fed. R. Civ. P. 30(b)(1); 8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, Federal Practice & Procedure §2112 at 73 (2d ed. 1994) ("[T]he examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place."). In analyzing a motion for protective order regarding the location of a deposition, the Court reviews "the cost, convenience, and litigation efficiency of the designated location[ ]." *MEMC Elec. Materials v. Balakrishnan,* No. 2:12-CV-344, 2012 WL 1606053, at *2 (S.D. Ohio May 8, 2012) (internal citation and quotation omitted).

*Hunter v. Rhino Shield*, No. 2:18-cv-1097, 2019 WL 12240911, at *2 (S.D. Ohio Nov. 13, 2019).

"The burden of establishing good cause for a protective order rests with the movant." *Id.* at *1 (citing *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Id.* (quoting *Seattle Time Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In this case, defendant Hollopeter has carried his burden. The journey from Lexington, Kentucky to Cincinnati, Ohio is not a particularly expensive one, but it would require Hollopeter to miss several additional hours of work for travel time. Thus, the cost and convenience factors weigh in favor of Hollopeter. Although the Court is sympathetic to plaintiff's concerns, the litigation efficiency factor weighs strongly in favor of a remote deposition, especially where voluminous exhibits are required. For these reasons, the Court concludes that deposing Hollopeter remotely would best satisfy concerns of cost, convenience, and litigation efficiency.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Hollopeter's oral motion to be deposed remotely is **GRANTED**. However, if plaintiff strongly prefers an in-person deposition, Hollopeter may be deposed at a mutually agreeable location in the Lexington, Kentucky area.
2. The parties will agree within seven days on dates for the two remaining depositions. The Court will entertain a joint motion for a brief extension of the

November 15, 2021 discovery deadline if necessary to accommodate the newly scheduled depositions.

Date: 10/28/2021

Karen L. Litkovitz
United States Magistrate Judge