## UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
## WESTERN DIVISION

DAVID DURHAM,                                      Case No.  1:18-cv-91
      Plaintiff,                                  McFarland, J.
                                                   Litkovitz, M.J.
   vs.

DETECTIVE JERRY NIFFENEGGER, *et. al.*             **ORDER**
   Defendants.

     This matter is before the Court on defendants' joint motion to strike plaintiff's rebuttal expert disclosure or, in the alternative, to exclude such expert's testimony.  (Doc. 118).  Plaintiff filed a response in opposition, which includes a motion for leave to supplement his expert disclosure with a full report that is also before the Court.  (Docs. 124, 125).  Following an extension, defendants filed a reply in support of their motion and a response in opposition to plaintiff's motion for leave to supplement.  (Docs. 128, 129).[1]

    **I.**     **Background**

     The original calendar order in this case established that defendants were to identify experts and produce associated reports by April 30, 2020, and plaintiff was to identify rebuttal experts with associated reports two months later, by June 30, 2020.  (Doc. 38).  At a status conference held February 28, 2020, the parties were directed to submit a proposed revised calendar order.  (Doc. 55).  The Court entered the new calendar order on May 28, 2020, which set defendants' primary expert identifications and reports as due January 15, 2021 and plaintiff's rebuttal expert identifications and reports as due approximately two months later, on March 19, 2021.  (Doc. 59).  Thereafter, defendants sought five extensions of the deadline to file their

---

[1] At the request of the Clerk's Office, plaintiff and defendants filed identical documents (Docs. 124-25 and 128-29, respectively) to reflect both components of each filing in the Court's electronic filing system.

primary expert disclosure and reports—the latter two requests being joint with plaintiff.  (Docs. 71, 73, 87, 99, and 111).  The Court granted the requests, thereby establishing the final deadline to file defendants' primary expert disclosure and reports as December 15, 2021 and the discovery deadline as March 15, 2022.  (Docs. 72, 74, 88, 100, and 112).  These motions and orders did not explicitly address plaintiff's rebuttal expert disclosure and report deadline.

Defendants filed their primary expert disclosure on December 13, 2021, identifying Dr. James E. Hawkins as a retained expert witness in this matter.  (Doc. 113).  Defendants state that Dr. Hawkins will address the alleged medical, emotional, and psychological damages plaintiff allegedly suffered as a result of defendants' actions.  (Doc. 118 at PAGEID 679).

On January 14, 2022, plaintiff filed his rebuttal exert disclosure.  (Doc. 114).  The filing does not include a report, but it identifies "Dr. Kenneth Manges, Ph.D." as plaintiff's rebuttal expert witness and states that Dr. Manges "has reviewed the Defendant's Expert Report" and "will testify about the errors and the correct test that should have been applied."  (*Id.*).  Plaintiff's disclosure states that Dr. Manges's report will be available within 30 days.  (*Id.*).  Plaintiff's rebuttal expert disclosure does not indicate whether Dr. Manges was "retained or specially employed to provide expert testimony in the case. . . ."  Fed. R. Civ. P. 26(a)(2)(B).  (*See id.*).  On April 28, 2022, plaintiff filed a notice of disclosure of Dr. Manges's full report.  (Doc. 130).

Defendants argue that plaintiff should be prohibited from disclosing and relying on Dr. Manges's expert opinion.  They argue that plaintiff never explicitly sought to extend his rebuttal expert deadline.  They further argue that even if it were extended by operation of Rule 26(a)(2)(D),[2] plaintiff did not meet this deadline because his disclosure did not include an

---

[2] As relevant here, this subsection reads:

accompanying and legally sufficient report. Plaintiff responds that his disclosure should be deemed timely given either an implied two-month allowance carried over from the Court's first two calendar orders or the operation of Rule 26(a)(2)(d)(ii) and that, in any event, any purported discovery violation is both substantially justified and harmless. *See* Fed. R. Civ. P. 37(c)(1).

## II.    Law

Expert disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case. . . ." Fed. R. Civ. P. 26(a)(2)(B). Such report must contain the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* Even if, however, an expert is not retained or specially employed to provide expert testimony in a case (e.g., treating doctors), "the mere disclosure of the expert's identity" is not enough. *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 877 (S.D. Ohio 2018). Disclosure of a non-retained expert's identity must be accompanied by: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2)

---

*Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

. . .

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

a summary of the facts and opinions to which the witness is expected to testify.  *Id.* (citing Fed. R. Civ. P. 26(a)(2)(C)) (remaining citation omitted).

The identity of expert witnesses and their reports must be made "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The Sixth Circuit has held that Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified."  *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted).  Nevertheless, the advisory committee notes to Rule 37(c)(1) caution:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

Fed. R. Civ. P. 37 advisory committee's note to subdivision (c).

"A noncompliant party may avoid sanction if 'there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'"  *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 370 (6th Cir. 2010)).  The Court is to analyze five factors to determine whether a Rule 26 violation is harmless or substantially justified under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the

evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "These factors lend themselves to the fundamental task of Rule 37(c)(1), which is 'separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion.'" *Elgin v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-cv-00139, 2020 WL 8771656, at *2 (W.D. Ky. Oct. 1, 2020) (quoting *Bentley v. Highlands Hosp. Corp.*, No. 15-97 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (quoting *Howe*, 801 F.3d at 749)).

Prior to the amendment of Rule 37 to add subparagraph (c)(1) in 1993, the Sixth Circuit had held that a late filing "is not an extreme situation showing contumacious conduct[,]" and "an innocent plaintiff should not be penalized for the conduct" of counsel. *Freeland v. Amigo*, 103 F.3d 1271, 1278 (6th Cir. 1997). Since Rule 37's amendment to include mandatory punishment for discovery violations, the Sixth Circuit has still found that failures to disclose are "relatively harmless" when opposing counsel "kn[ows] *who* [i]s going to testify and to *what* they [are] going to testify." *Roberts*, 325 F.3d at 783 (emphasis added). In *Roberts*, the Sixth Circuit noted that in the typical case where exclusion is justified under Rule 37(c)(1), opposing counsel either had no advance knowledge that the expert witness would testify or no knowledge of the substance of the expert's reports. *Id.*

Applying the *Howe* factors to this case persuades the Court that the exclusion of Dr. Manges's testimony under Rule 37(c)(1) is not warranted because any violation was harmless.[3] As to the first factor, defendants allege they were surprised by plaintiff's attempt to rebut their

---

[3] The Court therefore need not consider whether plaintiff's disclosure was late under either of its prior calendar orders or Rule 26(a)(2)(D).

expert's testimony because plaintiff "failed to name a primary expert identification, and never sought any extension of time to provide one or a rebuttal expert identification." (Doc. 129 at PAGEID 733-34). While the most recent extensions of defendants' primary expert deadlines did not accordingly and explicitly extend plaintiff's rebuttal expert deadline, prior calendar orders suggest that the Court would be inclined to afford plaintiff a rebuttal opportunity. (*See* Doc. 39, 59). This factor weighs slightly in favor of defendants. As to the second and third *Howe* factors, the trial in this case is not yet scheduled, allowing for ample time to assuage any surprise, and plaintiff has now filed a notice of disclosure of Dr. Manges's full report. (Doc. 130). As to the fourth factor, denying plaintiff the opportunity to rebut defendants' expert witness would impact the parties' case presentations at trial. *See Wallace Sales & Consulting, LLC v. Tuopu N. Am., Ltd.*, No. 15-cv-10748, 2016 WL 6836993, at *2 (E.D. Mich. Nov. 21, 2016) ("[O]mitting evidence as to damages could compromise the balance of the trial presentations."). Finally, because prior calendar orders suggest that the Court would be inclined to afford plaintiff a rebuttal opportunity, the Court finds that plaintiff's expectation that extensions of defendants' expert deadlines would apply to associated rebuttal expert deadlines is not unreasonable.

In their response, defendants rely primarily on *Ogle* and *Devereux v. Knox Cnty.*, No. 3:17-cv-197, 2018 WL 5928048 (E.D. Tenn. Nov. 13, 2018), to support their position that plaintiff should be prohibited from identifying and relying on Dr. Manges's expert opinion. In *Ogle*, the defendants had moved to strike the plaintiff's late-filed expert witness disclosure. 336 F. Supp. 3d at 876. The plaintiff responded to the motion only after being prompted by an order to show cause and argued that documents produced in discovery satisfied the requirements of Rule 26(a)(2)(C). *Id.* The Court was reluctant to impose such a harsh sanction upon the plaintiff, and therefore directed the plaintiff's counsel to submit the discovery documents he

referenced for *in camera* review. *Id.* at 876-77. Finding no dispute as to lateness or inadequacy

of the disclosure, the Court considered only whether the plaintiff's Rule 26 violation was

harmless, as the plaintiff had presented no argument why his lateness was justified. *Id.* at 876,

879. The Court found that it was not harmless, expressing clear frustration with the plaintiff's

counsel's failure to specifically identify what of the discovery exchanged between the parties

could have possibly satisfied Rule 25(a)(2)(C)—even implying that plaintiff's counsel may have

misrepresented the contents of that discovery to the court. *Id.* at 880. On these facts, which

demonstrated compounded missteps by the plaintiff's counsel, the Court concluded that the

plaintiff was prevented from using all but one of her disclosed experts, notwithstanding the

severe negative impact on her case. *Id.* at 881-82.

In *Devereux*, the plaintiffs identified their expert within the court's scheduled deadline

but the report followed after the deadline, and the defendants argued that the expert's testimony

should be excluded. 2018 WL 5928048, at *2-3. The parties also disagreed regarding whether

the expert at issue (a treating physician) was required to submit the more comprehensive report

required under Rule 26(a)(2)(B) or the less comprehensive report required under Rule

26(a)(2)(C). *Id.* at *3-4. The court concluded that the plaintiffs' expert identification (similar to

what was provided in the case at bar) was inadequate under Rule 26(a)(2)(C). *Id.* at *5-6. The

court also concluded that the subsequent report was both late and demonstrated that the expert

was "retained or specifically employed" for the litigation. *Id.* at *6-7. Finally, the court found

that the report was insufficient under Rule 26(a)(2)(B). *Id.* at *7. Notwithstanding these

conclusions, however, the court declined to exclude the plaintiffs' expert's testimony given that

the tardiness and inadequacies of the plaintiffs' disclosure and report were harmless. *Id.* at *8.

Specifically, the court considered that the trial in the case was not scheduled for ten months

following the late report, and it had already permitted the defendants' deposition of the expert to proceed. *Id.*

In their reply, defendants also cite *Durden v. Citicorp Tr. Bank, FSB*, No. 3:07-cv-974, 2008 WL 11318338 (M.D. Fla. Nov. 25, 2008), for the proposition that even a death in the family of the expert at issue does not substantially justify a late-filed report; so plaintiff's late-filed disclosure and report here cannot be substantially justified under Rule 37. *See id.* at *4. The court in *Durden* ultimately concluded, however, that exclusion of the expert's testimony as a sanction was not warranted where trial was not imminent and the defendant anticipated that the plaintiff would use an expert; rather, the court ordered that discovery be re-opened for the limited purposes of allowing the defendant to depose the plaintiff's expert and obtain a rebuttal expert. 2008 WL 11318338, at *6-8. Defendants also cite *Vaughn v. City of Lebanon*, 18 F. App'x 252 (6th Cir. 2001), for the proposition that plaintiff's rebuttal expert testimony should be excluded because it would require the extension of expert discovery deadlines. In *Vaughn*, however, the plaintiff only disclosed experts in his responses to the defendants' motions for summary judgment. *Id.* at 262. Under those circumstances, the court found that modification of the discovery order prejudiced the defendants with respect to their summary judgment motions and replies. *Id.* at 263. In addition, the court found that exclusion was appropriate where the plaintiff had never given any indication that he planned to use experts and "deliberately disobeyed the disclosure deadline." *Id.* at 264.

All of these cases are distinguishable. First, the expert identification and reports in the cases cited by defendants were the plaintiffs' primary experts. Here, the expert at issue is a rebuttal expert, which—as discussed above—does not implicate the same potential prejudices as might a primary expert. The court in *Devereux* ultimately found the late and inadequate

8

disclosure harmless, where trial was not imminent, and it had allowed the expert's deposition to proceed notwithstanding the fact that certain deadlines had passed. 2018 WL 5928048, at *8. Similarly, the court in *Durden* concluded that even where a late-filed expert disclosure was neither substantially justified nor harmless, the appropriate sanction fell well-short of excluding the expert's testimony. 2008 WL 11318338, at *6-8. The harsh result in *Ogle* was at least in part driven by the fact that the Court was evidently troubled by the plaintiff's counsel's conduct in the case. Finally, the court in *Vaughn* concluded that modification of the discovery order was prejudicial where motions for summary judgment had already been filed, plaintiff had given no indication that he planned to use experts, and the plaintiff "deliberately disobeyed the disclosure deadline." *Id.* at 263-64. None of these cases convince the Court that striking plaintiff's rebuttal expert disclosure or excluding Dr. Manges's testimony is warranted under the *Howe* test. Plaintiff's late disclosure and report are harmless and can be easily remedied. *See Roberts*, 325 F.3d at 782.

## IT IS THEREFORE ORDERED THAT:

1. Defendants' motion (Doc. 118) is **DENIED**.

2. Plaintiff's motion for leave to supplement his rebuttal expert disclosure (Doc. 125) is **GRANTED**.

3. The discovery deadline is hereby extended to June 3, 2022, for the limited purpose of defendants' having an opportunity to depose Dr. Manges, and the dispositive motion deadline is hereby extended to July 1, 2022.

Date: 4/29/2022

Karen L. Litkovitz
United States Magistrate Judge

9